IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL NO. 1:04 CV 730
J. DLOTT

**UNITED STATES**                                      **PLAINTIFF**

VS.

**RICHARD W. STANDRING**                         **ALLEGED ACCUSED**

---

**ANSWER TO COMPLAINT**
**And MOTION FOR MORE DEFINITE STATEMENT**

---

Comes now the Alleged Accused, Richard W. Standring, *in propria persona*, and not *pro se*, visiting specially not generally and hereby submits the following as his Answer to the Plaintiff's Complaint and Request for Injunctive Relief:

Alleged Accused states that the Plaintiff's Complaint and Request for Injunctive Relief is vague and that Alleged Accused is unable to provide a substantial Answer at this time. However, in an effort to comply with the Local Rules of Civil Procedure, Alleged Accused makes the following assertions until such time that he receives more specific details regarding the allegations made against him in the Plaintiff's Complaint. Alleged Accused reserves all rights to Amend this Answer upon receipt of the particulars regarding the allegations against him.

**THEREFORE,** Alleged Accused denies the allegation contained in Paragraph 1 of the Plaintiff's Complaint.

Alleged Accused does not have sufficient knowledge as to the validity or falsity of the allegations contained in Paragraphs 2 through 29 of the Plaintiff's Complaint due to their ambiguous nature, and therefore denies the same.

**WHEREFORE, Alleged Accused** prays for the following relief:

Alleged Accused moves this Honorable Court for a Dismissal of the Plaintiff's Complaint and Request for Injunctive Relief (F.R.Civ.Pro.12(b)(6)) or, in the event Alleged Accused's request for dismissal is denied, Alleged Accused moves this Court for an Order requiring the Plaintiff to give a more definite statement as to the allegations contained in the ENTIRE Complaint so that Alleged Accused may respond to said allegations appropriately. As grounds, Alleged Accused states that the Plaintiff has made allegations in its Complaint that are too vague for the Alleged Accused to admit or deny.

A motion for more definite statement is proper when a complaint is so vague or ambiguous that the Accused cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2); *Sisk v. Texas Parks & Wildlife Dept., 644* F.2d 1056, 1059 (5th Cir. 1981). In the complaint, plaintiff alleged facts that are so vague and ambiguous that Accused cannot file a responsive pleading.

Federal Rule of Civil Procedure 12(e) provides that: "If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

The complaint fails to adequately inform or notify the Alleged Accused what is encompassed by the terms "FOIA Generator" or "decode" or "decoding" notwithstanding the fact that the terms are critical elements of the operative allegations. Throughout the complaint, the Plaintiff refers to, but does not specify, define or clarify, the intended meaning or usage of these critical terms. The failure to provide adequate notice with respect to the substance of the allegations in the complaint renders the Alleged Accused incapable of framing appropriate and full responses and pleading adequate defenses.

The Plaintiff, throughout the complaint, alleges fraud or fraudulent acts. F.R.Civ.Pro. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The allegations directed at Alleged Accused are insufficient on their face. In particular, Plaintiff has failed to allege necessary mental elements. The absence is especially important because the mental elements are the crux of the case and because Plaintiff knows that it cannot plead such elements in good faith or prove them at trial.

F.R.Civ.Pro. 9(b) provides: "Malice, intent, knowledge, and other condition of a mind of a person may be averred generally." In the 2001 supplement to Wright & Miller, *Federal Practice and Procedure (Civil 2d)*, § 1301 (titled "Malice, Intent, or Condition of Mind") the authors state:

> "Despite the evidence that the drafters of Rule 9(b) intended to permit pleaders to make general averments of the opposing party's state of mind without further particulars, courts in recent years often require the pleader to allege specific facts giving rise to a 'strong inference' of fraudulent intent."

In *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068, (5th Cir. 1994), the court collected cases from the First Circuit, Seventh Circuit and Second Circuit and concluded:

> "Importantly, though, the second sentence of Rule 9(b) relaxes the particularity requirement for conditions of the mind, such as scienter. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally.' Although scienter may be "averred generally," case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud."

When measured against this standard, no claim for relief in the Plaintiff's Complaint is properly laid against Alleged Accused. There are no facts presented that would support an inference that said Alleged Accused had or has the requisite mental elements of the offenses claimed.

F.R.Civ.Pro. 11 (b)(2) states that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law". This rule, coupled with F.R.Civ.Pro. 9, means plaintiff's counsel is able to offer deniability as to the frivolous nature of the complaint that alleges fraud. Since counsel is relying on his client's expertise in regards to the subject matter the government attorneys know that Rule 11 sanctions will usually never be imposed against them.

The complaint on page 2 at item 3 states "This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General under 26 U.S.C. §§7402 and 7408." Since the Alleged Accused does not even know the Chief Counsel let alone has never met the person, this type of statement implies that the complaint is based upon "information and belief."

Plaintiffs are attempting to evade the requirements of Federal Rule of Civil Procedure 11 (signature on pleading is certification that "to the best of person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading "is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that "the allegations and other factual contentions have evidentiary support.") Based on previous filings in this court, Plaintiff knows that the charges complained of are false.

In 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1224, the authors note the relationship between F.R.Civ.Pro. 8 and F.R.Civ.Pro. 11 and conclude that pleading on "information and belief" is sometimes a practical necessity when the pleader "is without direct

personal knowledge regarding one or more of the allegations necessary to his claim and therefore must plead on a less certain footing."

> "However, pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption. Thus, matters of public record or matters generally known in the community should not be alleged on information and belief as everyone is held to be conversant with them. Conversely, since Rule 11 requires that allegations be based on 'reasonable inquiry,' care must be exercised in terms of the pleader having a solid basis for pleading on information and belief."

Requiring plaintiffs to provide a more definite statement will further the policies behind Rule 11 and conduce to a rapid resolution of this litigation. If the plaintiff seriously wants to pursue this action, it should state their allegations forthrightly and not hide behind "information and belief."

**IN CONCLUSION,** Alleged Accused states the complaint is so vaguely and ambiguously stated that a proper responsive pleading cannot be framed.

The authorities support an order pursuant to F.R.Civ.Pro. 12(e) to correct the injustices perpetrated by this vague, ambiguous and false complaint.

                                                  Respectfully Submitted,

                                                  Richard Standring
                                                  P.O. Box 463
                                                  Owensville, Ohio 45160

## CERTIFICATE OF SERVICE

    I, Richard Standring, hereby certify that I have this 7th day of March, 2005, forwarded a true and correct copy of the foregoing via regular U.S. mail to the following:

United States Attorney's Office
Gregory G. Lockhart
Gerald F. Kaminski
221 East Fourth Street
Suite 400
Cincinnati, OH 45202

U.S. Department of Justice
Hon. Michael R. Pahl
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044

_____
Richard Standring