# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA,   :
   Plaintiff,       :
              :   Case No. 1:04-cv-730
vs.            :
              :       Judge Dlott
RICHARD W. STANDRING,    :   Mag. Judge Hogan
   Defendant.      :

---

### OBJECTIONS TO MAGISTRATE'S REPORT & RECOMMENDATION

---

The defendant Richard W. Standring submits these objections to the report and recommendation ("R&R") by the Hon. Timothy S. Hogan, regarding the Government's motion for summary judgment and as filed on March 27, 2006. The report and recommendation notes that it has taken account of the parties' filings on the Government's foregoing motion for preliminary injunction. The defendant therefore hopes to appear concise.

<u>Abandonment of business, etc.</u> The report and recommendation refers at several points to Mr. Standring's conduct of business, regarding the "FOIA Generator" or "IMF decoding" services, in the present tense. See, e.g., R&R ¶¶ 2, 4. Mr. Standring no longer pursues such business.

Additionally, the content at foiagen.com appears to have changed substantially since the parties last described it to the Court. Cf. id. ¶¶ 23, 24. This should be

1

amenable to notice.

Wilson Graham may have sought to avail himself of Mr. Standring's name and influence, as per certain of the Government's evidence.  This still does not indicate that Mr. Standring affirmatively assisted Graham.  See id. ¶ 27.

Scienter.  The report and recommendation concludes, for the third element of the Government's case under Code Sections 6700 and 7408(b), that Mr. Standring either actually knew or reasonably ought to have known of the frivolous quality of his professed positions on the tax law.  The report and recommendation infers such scienter, first, from the Government's evidence of Mr. Standring's self-laudation.  See R&R at 14.  But this remains circular.

The report and recommendation then, see id. at 15-16, imputes to Mr. Standring the knowledge of the Sixth Circuit's opinion in Sawukaytis v. Commissioner, 102 Fed. Appx. 29 (6th Cir.) (per curiam), cert. denied 543 U.S. 1022 (2004).  At least three problems appear in this.

First, as the report and recommendation holds Mr. Standring responsible for keeping his research up to date, and citing his preferred authority of United States v. Gaumer, 972 F.2d 723 (6th Cir. 1992), such that he would have known of the Sixth Circuit's opinion in Sawukaytis and the Supreme Court's denial of certiorari (which took until December 6, 2004), it persists in the circularity noted above.  "Given defendant's professed knowledge, experience, and familiarity in tax matters and with federal case law, the Court finds he knew or should have known his statements were

false or fraudulent."  R&R at 17.

Second, the Sixth Circuit's opinion included a notice of recommendation against full-text publication and citation to Sixth Circuit Rule 28(g).  See slip op. at 1 (copy appended).  If Mr. Standring ought to have located the opinion (still its own large assumption), he might well not have taken it to bear precedential effect on the present case.

Third, <u>Sawukaytis</u> involved an appeal from Tax Court, that is, a civil tax case that followed an assessment of deficiency and that omitted an issue of scienter such as presented here.  The Sixth Circuit imposed penalties on the taxpayer, largely in view of the warning by the Tax Court judge below.  It did not, however, implicate its holding in <u>Gaumer</u>, on the significance, against scienter for criminal-tax purposes, of those certain arguments espoused by Mr. Standring personally in the present facts.

<u>Constitutional identification of commercial speech.</u>  The report and recommendation further characterizes Mr. Standring's publications as commercial rather than political speech.  It relies, R&R at 20, on the Third Circuit's statement in <u>United States v. Bell</u>, 414 F.3d 474, 480 (3rd Cir. 2005), "Packaging a commercial message with token political commentary does not insulate commercial speech from appropriate restrictions."

Mr. Standring very respectfully suggests that this assumes that a publication must rise or fall, as political or commercial speech, as a whole.  It further assumes away the method for determining when or how speech would become characterized as

commercial rather than political.  The Government has not proposed a method, and thus has not very well applied any.  This is so, perhaps, unless, the Government would content itself with a general, subjective sense of commercial speech, from all of the facts and circumstances.  Cf. generally <u>Jacobellis v. Ohio</u>, 374 U.S. 184, 197 (Stewart, J., concurring) ("But I know it when I see it, and the motion picture involved in this case is not that.").

Respectfully submitted,

_/s/     Richard J. Donovan_ _____
RICHARD J. DONOVAN      (0060900)
R. J. Donovan Co., LPA
200 East Campus View Blvd., Ste. 200
Columbus, OH  43235-4678
vox 614.985.3651 & fax 614.985.3744
rjdonovan@rjdonovan.com
Att'y for Def't, Richard W. Standring

## CERTIFICATE OF SERVICE

The undersigned, on this 6th day of April 2006, caused the within and foregoing objections to report and recommendation to be filed electronically with the clerk of court, by the CM/ECF system, and for the system's notification to trial counsel for the Government:

Michael R. Pahl
Trial Att'y, Tax Division
U.S. Dep't of Justice
P. O. Box 7238
Ben Franklin Station
Washington, DC  20044

_/s/     Richard J. Donovan_ _____
RICHARD J. DONOVAN

/documents/Standring, RW/US v Standring, 1:04cv730/Objections to R&R 20060406

LEXSEE 102 FED APPX 29

**MICHAEL SAWUKAYTIS, Petitioner–Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**NO. 02–2431**

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

*102 Fed. Appx. 29; 2004 U.S. App. LEXIS 12093; 2004–1 U.S. Tax Cas. (CCH) P50,283; 93 A.F.T.R.2d (RIA) 2847*

**June 16, 2004, Filed**

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL–TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** US Supreme Court certiorari denied by *Sawukaytis v. Comm'r, 2004 U.S. LEXIS 8010 (U.S., Dec. 6, 2004)*

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES TAX COURT. 11672–00. Vasquez. 09–03–02. *Sawukaytis v. Comm'r, T.C. Memo 2002–156, 2002 Tax Ct. Memo LEXIS 162 (T.C., 2002)*

**DISPOSITION:** AFFIRMED.

**COUNSEL:** MICHAEL SAWUKAYTIS, Petitioner – Appellant, Pro se, Ann Arbor, MI.

For MICHAEL SAWUKAYTIS, Petitioner – Appellant: Robert V. Mackovski, Taylor, MI.

For COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent – Appellee: David English Carmack, Karen D. Utiger, U.S. Department of Justice, Washington, DC.

**JUDGES:** BEFORE: BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and ALDRICH, * District Judge.

* The Hon. Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designtion.

**OPINION:**

[*30] **PER CURIAM.** Petitioner Michael Sawukaytis appeals the Tax Court's decision upholding the determination by the Commissioner of Internal Revenue that there was a deficiency in [*31] Sawukaytis's income tax payments for the tax year 1996. [**2] Sawukaytis earned close to $70,000 in wages that year but did not file an income tax return. He claims that because the federal income tax is an "excise tax" and because he was told by the government that he did not participate in any excise–taxable activities in 1996, he was not required to file a return. He also claims that the Tax Court erred in denying his motions to review and strike the response given to his request for admissions and that the Tax Court was biased, or at least appeared to be biased, against him. We find no reversible error and affirm the Tax Court's rulings on the merits.

In addition, Sawukaytis appeals the Tax Court's decision to award damages in the amount of $12,500 against him, pursuant to *26 U.S.C. § 6673*, for filing "several frivolous documents with the Court," asserting claims "based on stale and meritless contentions," taking a position in the Tax Court that was "manifestly frivolous and groundless," and otherwise "wasting the time and resources of the Court." The Commissioner has filed a motion in this court requesting that Sawukaytis be sanctioned an additional $4,000 for filing a frivolous appeal. We conclude that both sanctions [**3] are merited.

**FACTUAL AND PROCEDURAL BACKGROUND**

Although Michael Sawukaytis was employed at Ford Motor Company in 1996 and earned $69,699, he did not file a tax return for that year. When the IRS sent him a notice of deficiency, informing him that he owed $13,976 in taxes, plus interest, and a penalty for his failure to file the return. Sawukaytis, acting *pro se,* filed a petition in the United States Tax Court objecting to the notice

102 Fed. Appx. 29, *31; 2004 U.S. App. LEXIS 12093, **3;
2004-1 U.S. Tax Cas. (CCH) P50,283; 93 A.F.T.R.2d (RIA) 2847

of deficiency. He subsequently filed a document styled "request for admissions" that included such statements as: "Respondent is of the opinion that the income tax is a direct tax and, because of the exception provided by the *Sixteenth Amendment*, need not be apportioned," and "Respondent is of the opinion that there is no credible evidence to support a position that the income tax is an indirect tax." The Commissioner declined to admit or deny these "requests," pointing out that they were not statements of fact that could be admitted or denied. Sawukaytis then filed a motion for review of the Commissioner's response and various other pretrial motions, all of which were denied by the Tax Court judge assigned to the case.

Sawukaytis continued [**4] to represent himself at trial and contended, based upon his reading of the United States Constitution, that the federal income tax is an excise tax. He also asserted that the IRS had informed him by letter that he had not been involved in excise–taxable activity during 1996, from which he concluded that he did not owe any taxes for that year. During Sawukaytis's testimony, the Tax Court judge warned him that under the Internal Revenue Code, sanctions could be imposed for submitting wholly frivolous arguments and that his arguments appeared to be frivolous.

In his memorandum opinion, the Tax Court judge sustained the Commissioner's deficiency determination in the amount of $13,976, finding that Sawukaytis had "advanced shopworn arguments characteristic of tax–protester rhetoric that has been universally rejected by this and other courts." The court also held that Sawukaytis was liable under *26 U.S.C. § 6651(a)(1)* for the additional amount of $726 for failure to file a return on the date prescribed, having offered no evidence that his failure to file was due to reasonable cause. Finally, the court found that Sawukaytis's position was "frivolous and groundless" [**5] and that he had [*32] wasted the time and resources of the court, and imposed a $12,500 penalty under *§ 6673*. Despite the warnings issued by the court during trial and the stiff monetary penalty, the petitioner filed a flurry of post–trial motions, all of which required responses by the respondent and all of which were ultimately denied. Represented for the first time by counsel. Sawukaytis now appeals the judgment of the Tax Court.

## ANALYSIS

### 1. Request for Admissions

Sawukaytis contends that the trial judge erred in refusing to force the Commissioner to respond to his requests for admissions, citing *Helvering v. Tex–Penn Oil Co., 300 U.S. 481, 498, 81 L. Ed. 755, 57 S. Ct. 569 (1937)*, for the proposition that "taxpayers are entitled to know the basis of law and fact on which the Commissioner sought

to sustain the deficiencies." We note that under Tax Court *Rule 90*, "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action." However, a party may do so only if the matters in the request [**6] "relate to statements or opinions of fact or of the application of law to fact." *Id.* Here, the requests did not relate to facts or the applications of law to facts, but were abstract propositions. Hence, the Tax Court did not abuse its discretion in denying Sawukaytis's motion to review the Commissioner's response to his request for admissions or his motion to strike allegations contained in that response.

### 2. The Deficiency Determination

At trial, Sawukaytis stipulated to the fact that he had earned $69,699 in "wage income" from Ford Motor Company in 1996 and that he did not report that income to the IRS, resulting in a deficiency assessment. Beyond that stipulation, not much about this case is clear, despite counsel's allegation in the brief filed on the petitioner's behalf that we have before us "the opportunity to settle an area of the law that is fraught with much misunderstanding and confusion" and that our decision in the matter "will have a far–reaching effect throughout our legal system." Based on oral argument and statements in the brief, it appears that Sawukaytis no longer challenges the fact of the deficiency or the amount of the IRS assessment. n1 His [**7] sole contention is that the Congressional Record and the courts – particularly the Supreme Court in *Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 60 L. Ed. 493, 36 S. Ct. 236 (1916)* – have declared the income tax an excise tax, yet he was told by the IRS that in 1996 he did not participate in any activity that would subject him to an excise tax.

> n1 Indeed, it appears that Sawukaytis is simply trying to get us to take a stance on whether or not the income tax is an excise tax. In the conclusion to his brief, he writes:
>
> > Appellant does not state that he is not a taxpayer; He is not asking this court to determine his liability; He is not trying to enjoin the Internal Revenue Service, by way of injunction, from the collection of taxes; He does not assert that the "income tax" is an unauthorized excise tax as relied upon by Appellee in its inclusion and reliance upon the case of *Everett v. United States of America*. Quite the opposite. Appellant believes the "income tax" to be an authorized

excise tax. That is one of the issues that Appellant wants "the" Appellee to recognize and this honorable court to instruct the lower court to render its decision in conformity therewith.

If the petitioner is not challenging the tax deficiency, however, there is no matter in controversy.

[**8]

[*33] In *Martin v. Comm'r., 756 F.2d 38 (6th Cir. 1985)*, we specifically addressed whether, considering *Brushaber,* the income tax was properly applied to wage earners. In *Martin,* the petitioner argued that the Tax Court did not have jurisdiction over him because *Brushaber* held that "an income tax is really an excise tax, which can only be assessed against those either licensed or incorporated." *Martin, 756 F.2d at 40.* We responded:

> This argument is baseless. In *Brushaber,* the Court found the 1913 income tax law to be constitutional. The Court also noted that in *Pollock [v. Farmers' Loan and Trust Co., 158 U.S. 601, 39 L. Ed. 1108, 15 S. Ct. 912 (1895)*, a case that pre-dated the establishment of the federal income tax in 1913], it had previously found the taxing of income from professions, trades, employments or vocations to be constitutional in the form of an excise tax. In light of the *sixteenth amendment*, however, all taxation of income, "from whatever source derived," was found to be constitutional in *Brushaber.* A multitude of cases following *Brushaber* have held that the type of revenues and receipts earned by appellant [**9] ... constitute taxable income under the Internal Revenue Code ... Appellant's earnings, which are unchallenged here, constitute gross income under the applicable sections of the Internal Revenue Code. Appellant is therefore liable for income taxes, determined to be due ...

*Id. Martin* thus confirms that, even considering *Brushaber,* the income tax applies to wage earners.

Sawukaytis nevertheless claims that "this Honorable Court has unequivocally affirmed the position of the United States Supreme Court and the position of the United States Congress" that the income tax is an excise tax, quoting from *United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992)*, in which we noted that "*Brushaber* and the *Congressional Record* excerpt do indeed state that for constitutional purposes, the income tax is an excise

tax." However, no reasonable reader of this opinion could construe it as overturning the ruling in *Martin. Gaumer* was a criminal case in which the defendant, who was indicted for willfully failing to file federal income tax returns, sought to persuade the jury that he did not have the requisite intent because he sincerely believed that [**10] he did not have to pay income taxes. As proof, Gaumer wanted to introduce photocopies of three court cases, including *Brushaber,* which he said had caused him to believe that he did not have to pay taxes. In quoting *Brushaber,* we clearly did not hold that the income tax is an excise tax but merely indicated that certain language in the case might lead a jury to find that Gaumer honestly believed that he did not have to pay income tax.

We conclude that the petitioner has failed to establish that the Tax Court erred in finding him liable for the amount of the original assessment, as well as the additional amount for failure to file a timely return.

### 3. Sanctions by the Tax Court

The Tax Court found that Sawukaytis's position in pressing his petition was "frivolous and groundless," that he had "wasted the time and resources of [the] Court," and that he was properly subject to imposition of a penalty of up to $25,000, as authorized under *26 U.S.C. § 6673*. The court assessed a penalty of $12,500, a decision that we review for abuse of discretion. *See Wolf v. Comm'r., 4 F.3d 709, 716 (9th Cir. 1993)*. We find no abuse of discretion [**11] in this case.

It is well-settled that wages constitute taxable income. *See, e.g., Perkins v.* [*34] *Comm'r., 746 F.2d 1187 (6th Cir. 1984)*. Sawukaytis appears to think that he can avoid the weight of precedent and forestall imposition of a penalty under *§ 6673* simply by claiming that his excise-tax argument has been "judicially endorsed." In order to avoid paying taxes on the wages he earned from Ford, however, Sawukaytis must show either that taxing wage income like his is unconstitutional, a position that he has never advocated, or that it is not authorized by statute, a position for which he has produced no legal support.

Moreover, we have labeled as frivolous other cases in which the taxpayer claimed that he did not owe taxes on earned income. *See Perkins, 746 F.2d at 1188* (sanctioning taxpayer under *Federal Rule of Appellate Procedure 38* for filing frivolous appeal); *Martin, 756 F.2d at 41* (same). Indeed, Sawukaytis was warned by the Tax Court judge that his argument was groundless and that he risked being sanctioned. He persisted nevertheless and now tries to distance himself from cases in which the claims [**12] have been deemed frivolous by arguing that, unlike the litigants in those cases, he is not contending that the income tax is unconstitutional. However, just like the litigants in

102 Fed. Appx. 29, *34; 2004 U.S. App. LEXIS 12093, **12;
2004-1 U.S. Tax Cas. (CCH) P50,283; 93 A.F.T.R.2d (RIA) 2847

the other cases, he is asserting that the income tax does not apply to his wages. The basis for his argument is no more grounded in law than were those constitutional challenges. Given the amount of research that the petitioner conducted in order to file his *pro se* pleadings in the Tax Court, and in view of the warnings by the trial judge, Sawukaytis should have been fully aware that the courts have uniformly recognized that wages constitute taxable income for purposes of federal tax law.

We decline to overturn the imposition of the § 6673 penalty below, finding that it was fully justified under all the circumstances of this case. Moreover, we reject out of hand the petitioner's current allegation that the rulings of the trial judge were the product of bias or that they raise the appearance of bias. This contention is completely unwarranted. It seems to be based on the fact that the Tax Court judge denied various requests of the petitioner, while granting those of the respondent. But, as the United States [**13] Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (U.S. 1994)*. Given the groundless nature of both the petition and the petitioner's advocacy in this case, the rulings of the trial judge simply cannot be said to reflect bias against Sawukaytis.

**4. Sanctions by this Court**

On appeal, the respondent has filed a motion for sanctions pursuant to *28 USC § 1912* and *Federal Rule of Appellate Procedure 38*, under which we are authorized to award damages and costs against an appellant who has been found to have filed and pursued a frivolous appeal. Certainly, we have no interest in chilling the right of any party to appeal, as we noted in *Wilton Corp. v. Ashland Castings Corp., 188 F.3d 670, 677 (6th Cir. 1999)*. On the other hand, we have not hesitated to impose sanctions when the appeal is "wholly without merit." *Id.* Specifically, we have warned that we would impose sanctions in cases in which litigants argue that income from wages cannot be taxed. [**14] *See Martin, 756 F.2d at 41* ("In future such cases this court will not hesitate to award damages when the appeal is frivolous ...."); *Perkins, 746 F.2d at 1188–89* ("Litigants are warned that in future cases in which the lower court has clearly explained, as it has here, the frivolous nature of the taxpayer's claim that earned income is not taxable, we will not hesitate to [**35] award actual attorney fees to the Commissioner under *Rule 38* as it has been uniformly construed.").

Here, Sawukaytis asserts that his appeal is not wholly without merit because of "this Honorable Court's published dicta [in *United States v. Gaumer*] which categor-

ically states that 'for constitutional purposes, the income tax is an excise tax.'" As noted above, however, *Gaumer* does not hold that the income tax is an excise tax; it simply recognizes that a jury, cognizant of language in *Brushaber*, might understand why a delinquent taxpayer could think so. In fact, the *Gaumer* court specifically said that "as a legal matter, the exhibits do not validate Mr. Gaumer's views [that income taxes are excise taxes and that he was not engaged in any excise-taxable activity]. [**15] " *Gaumer, 972 F.2d at 725*. We reject as patently unreasonable the petitioner's argument that the *Gaumer* opinion converts his groundless claim into "a colorable issue." To the contrary, we find that Sawukaytis's appeal was obviously frivolous and, therefore, grant the respondent's motion for sanctions.

The Commissioner's request for an award of $4,000 is based on records of the Tax Division of the Department of Justice showing that the average expense incurred in the defense of taxpayer appeals in which sanctions were awarded during 1998 and the first half of 1999 was approximately $4,900. We have approved awarding lump-sum damages under *Rule 38*, rather than requiring a "detailed accounting" of expenses. *See, e.g., Schoffner v. Comm'r; 812 F.2d 292, 294 (6th Cir. 1987)* (awarding $1,200 based on the average award in a recent two-year period). In addition, we have found $4,000 to be a reasonable penalty in at least two recent unpublished decisions in so-called "tax protester" cases. *See United States v. Martin, 19 Fed. Appx. 345, 346, 2001 WL 1126126 at *1 (6th Cir. 2001)*; (unpublished decision); *Lawrence v. United States, 229 F.3d 1152, 2000 WL 1182452, [**16] at *3 (6th Cir. 2000)* (unpublished decision). *See also Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000)* (imposing $4,000 award to the Commissioner in a frivolous tax case). We conclude that $4,000 is a reasonable penalty here and grant sanctions in that amount.

The Commissioner also requests that the award be assessed against Sawukaytis's attorney, Robert V. Mackovski, jointly and severally with Sawukaytis. We have noted that "where a client reasonably relies on the advice of counsel, it may be that a sanction for a frivolous appeal is properly imposed on the attorney if the appeal is without merit or substance." *Wilton Corp., 188 F.3d at 677*. In addition, *28 U.S.C. § 1927* provides that courts can impose excess costs, expenses, and attorneys' fees on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." We have found that this standard is met "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Tareco Props. Inc. v. Morriss, 321 F.3d 545, 550 (6th Cir. 2003)* (internal quotation marks and citation omitted).

It is clear to us, [**17] in the wake of oral argument

102 Fed. Appx. 29, *35; 2004 U.S. App. LEXIS 12093, **17;
2004-1 U.S. Tax Cas. (CCH) P50,283; 93 A.F.T.R.2d (RIA) 2847

in this case, that Mackovski should have been aware of the frivolous nature of his client's claim. Moreover, the appellate brief filed on the petitioner's behalf includes arguments — particularly those relating to bias — that were not argued below, indicating that the attorney has multiplied the quantity, if not the quality, of frivolous issues on appeal. Although it is true that Sawukaytis filed the notice of appeal *pro se* and might well have pursued an appeal even in the absence of counsel, Mackovski was obligated, once contacted, to render advice *discouraging* further vexatious litigation. Mackovski [*36] was certainly *not* obligated to undertake representation in this case, and his review of the facts, the law, and — most significantly — the Tax Court judge's warnings *on the* record regarding the baseless nature of the litigation should have put Mackovski on notice that in pursuing an appeal, he

and his client were risking the imposition of additional sanctions by this court. We thus have no difficulty in granting the Commissioner's final request and ordering that the award of $4,000 be imposed jointly and severally on the petitioner and [**18] his attorney.

**CONCLUSION**

For the reasons set out above, we AFFIRM the decision of the Tax Court finding the petitioner liable for the deficiency in income tax, plus interest, and the addition to tax as calculated in the decision entered on June 19, 2002, as well as the award of *§ 6673* damages to the Commissioner set out in the same order. Moreover, we order imposition of *Rule 38* damages in the amount of $4,000 jointly and severally against the petitioner and his attorney of record.